IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Bill M. Wayman,**

        **Plaintiff,**

**v.**                                        **Case No. 04-2347-JWL**

**A Z Automotive Corporation,**

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff, proceeding pro se, filed suit against defendant, his former employer, alleging that defendant failed to promote plaintiff and thereafter terminated his employment on the basis of his age. On January 19, 2005, plaintiff moved for leave to file an amended complaint, seeking to add sexual harassment claims against defendant. On February 1, 2005, Magistrate Judge O'Hara issued his report and recommendation, recommending that the court deny plaintiff's motion for leave to file an amended complaint. Thereafter, plaintiff filed a timely objection to the report and recommendation (doc. #52). As explained below, the court overrules plaintiff's objection and adopts in its entirety the report and recommendation of Judge O'Hara.

The standards this court must employ when reviewing objections to the report and recommendation are clear. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Only those portions of the report and recommendation that have been specifically identified as objectionable will be reviewed. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000). The review of those identified portions is de novo, and the court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *See Griego v. Padilla*,

64 F.3d 580, 584 (10th Cir. 1995).

In his motion for leave to file an amended complaint, plaintiff seeks to add sexual harassment claims against his former employer. Judge O'Hara recommends denying the motion on the grounds that the amendment would be futile as plaintiff has not exhausted his administrative remedies with respect to his claims of sexual harassment. Indeed, plaintiff concedes in his motion that he did not file a charge of discrimination with the Kansas Human Rights Commission (KHRC). According to plaintiff, a KHRC employee advised plaintiff to pursue his sexual harassment claims through the Lenexa, Kansas Police Department rather than file a charge of discrimination.

It appears that plaintiff received ill advice from the KHRC. For to the extent that plaintiff wishes to pursue claims of sexual harassment against his former employer in federal court, he must first file a charge of discrimination asserting those claims. While plaintiff urges in his motion that this requirement cannot be "legally correct" and that the requirement "does not make sense," the fact remains that the Tenth Circuit–a higher court that both this court and Judge O'Hara are required to follow–has explained in no uncertain terms that a plaintiff must file a charge of discrimination setting forth sexual harassment claims prior to filing those claims in federal court. *See Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998) (plaintiff must present complaint of sexual harassment to EEOC or equivalent state agency prior to filing sexual harassment Title VII complaint in federal court).

In his objections to Judge O'Hara's report and recommendation, plaintiff asserts that Judge O'Hara, by denying plaintiff's motion for leave to file an amended complaint, "approves of sexual

2

predators" and is "siding" with the defendant and defense counsel.  As explained above, however, Judge O'Hara–like this court–is required to follow the law of the Tenth Circuit, a higher court that has expressly ruled that a person desiring to file a sexual harassment claim in federal court against his or her former employer must first file a charge of discrimination setting forth those claims. In other words, Judge O'Hara, in the face of plaintiff's concession that he had not filed a charge of discrimination, had no choice but to recommend denying the motion for leave to file an amended complaint.  To be sure, neither this court nor Judge O'Hara condones or otherwise tolerates sexual predators or sexual harassment in the workplace.  But neither this court nor Judge O'Hara has the authority to process plaintiff's sexual harassment claims unless plaintiff files a charge of discrimination.

In a related vein, plaintiff suggests in his motion that defense counsel are "sexual predators" striving to protect the "sexual predators" who allegedly work for defendant.  This allegation is based on defense counsel advising plaintiff that it is not unlawful for a management employee to promote another employee based on the manager's sexual relationship with that employee.  In his report and recommendation, Judge O'Hara recommends striking as scandalous this paragraph of plaintiff's motion and the court adopts this recommendation.  Defense counsel correctly advised plaintiff of the law in the Tenth Circuit.  *See Taken v. Oklahoma Corp. Comm'n*, 125 F.3d 1366, 1370 (10th Cir. 1997) (Title VII does not extend to consensual romantic involvements and an employer is not liable under Title VII solely because a supervisor selects his paramour for a promotion even though she is less qualified than plaintiff).  Thus, plaintiff's disparaging remarks about defense counsel are entirely baseless and properly stricken.         The court strongly advises

plaintiff that his scurrilous attacks against Judge O'Hara and defense counsel will only serve to delay the processing of his discrimination claims as the court and opposing counsel must expend resources addressing plaintiff's baseless accusations rather than addressing the merits of plaintiff's claims. If plaintiff continues to inundate his pleadings with abusive, malicious and utterly meritless falsehoods against Judge O'Hara or opposing counsel, then the court will consider, among other sanctions, imposing restrictions on plaintiff's ability to file pleadings in this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's objection to the report and recommendation of Judge O'Hara (doc. #53) is overruled and the report and recommendation is adopted in its entirety. Specifically, plaintiff's motion to file an amended complaint (doc. #47) is denied and the court will strike from plaintiff's motion the paragraph identified by Judge O'Hara in his report and recommendation.

**IT IS SO ORDERED** this 8th day of March, 2005.

s/ John W. Lungstrum  
John W. Lungstrum  
District Judge

4