# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

Bill M. Wayman,

        Plaintiff,

v.                                          Case No. 04-2347-JWL

A Z Automotive Corporation,

        Defendant.

## MEMORANDUM & ORDER

Plaintiff, proceeding pro se, filed suit against defendant, his former employer, alleging that defendant failed to promote plaintiff and thereafter terminated his employment on the basis of his age. On March 1, 2005, plaintiff filed a motion for recusal of Magistrate Judge O'Hara and for review by this court of "all pleadings and motions filed" by plaintiff in this case (doc. 68). On March 10, 2005, Judge O'Hara denied that portion of the motion seeking recusal of Judge O'Hara and the portion of the motion seeking this court's review of all pleadings and motions filed by plaintiff is presently before the court. That portion of the motion is denied.

Plaintiff does not articulate in his motion the basis for his request that this court review all pleadings and motions filed by him. In light of plaintiff's contemporaneous request for the recusal of Judge O'Hara, the court presumes that plaintiff wants this court to review all orders issued by Judge O'Hara with respect to plaintiff's filings to ensure that those orders are sound in light of Judge O'Hara's purported bias. Plaintiff, however, is precluded from challenging Judge O'Hara's orders because, with the exception of one order which this court has already reviewed, plaintiff has not made a timely objection to those orders under Federal Rule of Civil Procedure 72(a). That

rule expressly states that a party "may not . . . assign as error a defect in the magistrate judge's order to which objection was not timely made." Fed. R. Civ. P. 72(a). A timely objection is one that is made within 10 days of service of the order. *See id.*[1] Plaintiff, then, has no right to review by this court of the orders entered by Judge O'Hara. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069 (2d ed. 1997) ("Should a party fail to make timely objections, it has no right to review by the district judge of the action taken by the magistrate judge.").

With respect to plaintiff's allegations that Judge O'Hara is biased against plaintiff, those allegations are without merit. The record reflects only that Judge O'Hara, on occasion, has made rulings that were adverse to plaintiff. Such rulings are wholly insufficient to suggest a bias in favor of defendant. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Moreover, the record reflects that Judge O'Hara has demonstrated a great deal of patience in addressing plaintiff's myriad frivolous motions (often containing scandalous and unfounded accusations) and has even denied defendant's motion for sanctions, including dismissal, for plaintiff's failure to appear at his deposition. In short, nothing in the record reflects any bias on the part of Judge O'Hara.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for review by district judge (doc. 68) is denied.

---

[1] While plaintiff's motion to review was filed within 10 days of Judge O'Hara's order denying plaintiff's third motion to appoint counsel (doc. 65), plaintiff does not reference this particular order in his motion to review and he does not articulate any specific objection to this order.

Case 2:04-cv-02347-JWL   Document 78   Filed 04/21/05   Page 3 of 3

**IT IS SO ORDERED** this 21st day of April, 2005.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge