IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Bill M. Wayman,

        Plaintiff,

v.                                       Case No. 04-2347-JWL

A Z Automotive Corporation,

        Defendant.

## MEMORANDUM & ORDER

Plaintiff, proceeding pro se, filed suit against defendant, his former employer, alleging that defendant failed to promote plaintiff and thereafter terminated his employment on the basis of his age in violation of the Age Discrimination in Employment Act (ADEA), 21 U.S.C. § 621 et seq. This matter is presently before the court on defendant's motion for summary judgment (doc. #84). As explained more fully below, defendant's motion is granted and plaintiff's complaint is dismissed in its entirety.

## I.     Facts

The following facts are related in the light most favorable to plaintiff, the nonmoving party. Defendant AZ Automotive Corporation is an automobile parts supplier with a manufacturing facility in Lenexa, Kansas. Defendant hired plaintiff in May 2003, when defendant was 48 years old, as a general laborer/utility worker on the first shift. Plaintiff's job responsibilities included primarily janitorial and unskilled maintenance. At all times relevant to plaintiff's complaint, Don Reddy was the plant manager for the Lenexa facility and Tom Hanners was the first-shift

manufacturing manager.

In September 2003, Mr. Reddy decided to create a "team leader" position for the first shift. This position required monitoring and verifying incoming and outgoing shipments and supervising and directing employees on the first-shift assembly line. Plaintiff asserts that he was promised the position and that he was qualified for it.  Defendant hired Ryan Sparks, an  individual younger than plaintiff, for the position.   According to plaintiff, Mr. Sparks was not qualified for the position and he was selected based on his romantic relationship with an employee in the human resources department.   In February 2004, less than one year after he was hired, plaintiff's employment was terminated.   According to defendant, the decision was made to terminate plaintiff's employment after plaintiff had a confrontation with Mr. Hanners in which he threatened to attempt to have Mr. Hanners fired.  Plaintiff does not dispute that this incident occurred.

Additional facts will be related as they relate to plaintiff's particular claims.

## II.    Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).   In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).   An issue is "genuine" if "there is

2

sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).   A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id*. (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).   In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. *Id.* (citing Fed. R. Civ. P. 56(e)).   To accomplish this, sufficient evidence pertinent to the material issue   "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III.      Failure-to-Promote Claim

In the pretrial order, plaintiff alleges that defendant, based on plaintiff's age, failed to promote plaintiff to the first-shift team leader position.   Summary judgment is appropriate on this claim for two independent reasons.   First, in both his deposition and his response to defendant's motion for summary judgment, plaintiff asserts that defendant selected Ryan Sparks for the team leader position because Mr. Sparks was having a sexual relationship with an employee in defendant's human resources department and that particular employee influenced the relevant decisionmakers to place Mr. Sparks in the team leader position in light of their intimate relationship.   It is well established that an employer's actions based on "friendship" or "nepotism" are not discriminatory even when those actions benefit the nonprotected friend or relative at the expense of a more qualified, protected person.   *See Neal v. Roche*, 349 F.3d 1246, 1251 (10th Cir. 2003) (collecting cases); *see also Taken v. Oklahoma Corp. Comm'n*, 125 F.3d 1366, 1370 (10th Cir. 1997) (unsuccessful promotion candidates could not state discrimination claim where successful but less qualified candidate received promotion based on voluntary romantic affiliation with supervisor; promotion was not based on prohibited classification).   Under Tenth Circuit precedent, then, summary judgment on this claim is mandated as plaintiff has expressly conceded that defendant had a hidden motive that is nondiscriminatory.   *See Neal*, 349 F.3d at 1252-53 (summary judgment appropriate where employee urged that defendant's proffered reason for selecting white candidate over plaintiff was pretextual and that real reason defendant selected candidate was to protect that candidate from layoff; plaintiff conceded that her employer was

4

motivated by a hidden but nondiscriminatory reason and, thus, summary judgment was mandated).

Second, even if he had not conceded a nondiscriminatory motivation for defendant's promotion decision (or assuming that a liberal interpretation of plaintiff's testimony and summary judgment response permits the inference that plaintiff believed that his age, in addition to Mr. Sparks' romantic relationship with the human resources employee, played a part in the promotion decision), plaintiff nonetheless cannot withstand defendant's motion for summary judgment. According to defendant, Tom Hanners and Casey Callow, defendant's materials manager for the Lenexa facility, selected Mr. Sparks for the team leader position because they believed that Mr. Sparks was the most qualified candidate. As defendant has satisfied its "exceedingly light" burden to provide a nondiscriminatory reason for its decision, *see Goodwin v. General Motors Corp.*, 275 F.3d 1005, 1013 (10th Cir. 2002), the burden shifts to plaintiff to show that there is a genuine dispute of material fact as to whether defendant's asserted reason for the promotion decision is pretextual. *See Sandoval v. City of Boulder, Colorado*, 388 F.3d 1312, 1321 (10th Cir. 2004).[1] While plaintiff sets forth a litany of reasons why he believes that Mr. Sparks was not the most qualified candidate for the team leader position (and why plaintiff was, in fact, more qualified for the position), he has provided no evidence whatsoever concerning Mr. Sparks' qualifications or lack thereof. In fact, plaintiff's response is devoid of any references to depositions, affidavits or any other competent Rule 56(e) evidence and his response to the motion is not verified. In any event, plaintiff's assertions regarding the relative qualifications of Mr. Sparks and himself fail to

---

[1]The court assumes, without deciding, that plaintiff has established a prima facie case of age discrimination.

give rise to a genuine issue of material fact sufficient to ward off summary judgment. *See MacKenzie v. City & County of Denver*, ___ F.3d ___, 2005 WL 1649203, at *9 (10th Cir. July 14, 2005) (plaintiff's assertion of pretext based on her subjective belief that she was more qualified than successful candidate insufficient to survive summary judgment; "[u]nless the disparity in employees' qualifications are obvious, 'we judges should be reluctant to substitute our views for those of the individuals charged with the evaluation duty by virtue of their own years of experience and expertise in the field in question.'").

For the foregoing reasons, summary judgment is appropriate on plaintiff's discriminatory failure-to-promote claim.

## IV.     Discharge Claim

Plaintiff also contends in the pretrial order that defendant terminated plaintiff's employment based on plaintiff's age. Summary judgment is appropriate on this claim as well. As an initial matter, plaintiff asserts in response to the motion for summary judgment that his employment was terminated because he filed a charge of age discrimination and because he had filed various police reports against one of his supervisors. Plaintiff, however, has not preserved in the pretrial order a claim for retaliation and did not exhaust his administrative remedies with respect to such a claim. Summary judgment, then, is granted to the extent plaintiff is attempting to assert a retaliation claim. *See Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (affirming grant of summary judgment in favor of defendant on plaintiff's retaliation claim where

plaintiff failed to file a separate EEO complaint for retaliatory acts occurring after the filing of his initial EEO complaint); *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (claims not included in the pretrial order are waived).   Moreover, plaintiff's concession that his employment was terminated for retaliatory reasons dooms his age claim as well.   *See Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 328 (10th Cir. 1996) ("[I]f a civil rights plaintiff concedes, for purposes of establishing pretext, that the sole reason for the discharge was a motive prohibited by a law entirely different from the one under summary judgment scrutiny, such a concession mandates [the] grant of summary judgment as to the latter claim.").

Moreover, even if plaintiff had not conceded that his age was not a determining factor in defendant's discharge decision (or assuming that a liberal interpretation of plaintiff's summary judgment response permits the inference that plaintiff believed that his age, in addition to his filing a charge of discrimination and various police reports, played a part in the discharge), the court would nonetheless grant summary judgment in favor of defendant.   Defendant's evidence demonstrates that plaintiff's employment was terminated after an incident in which plaintiff was insubordinate to Tom Hanners, defendant's first-shift manufacturing manager and one of plaintiff's supervisors.   Specifically, defendant's evidence shows that plaintiff, during a confrontation with Mr. Hanners, told Mr. Hanners that his "days were numbered at AZ" and that his "career is about over here."   Mr. Hanners perceived plaintiff's comments as a threat and Don Reddy, defendant's plant manager, terminated plaintiff's employment the following morning.

Assuming that plaintiff could establish a prima facie case, he has come forward with no evidence suggesting that defendant's proffered reason for the discharge decision is pretextual.

Pretext "can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *See Danville v. Regional Lab Corp.*, 292 F.3d 1246, 1250 (10th Cir. 2002) (quoting *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997)). When assessing whether plaintiff has made an appropriate showing of pretext, the court considers the evidence as a whole. *Id.* (citation omitted).

According to plaintiff, defendant's proffered reason is pretextual because defendant has not come forward with any "credible, documented evidence" to "prove their case." Plaintiff is incorrect. As an initial matter, defendant is not required to "prove its case." Plaintiff has filed this lawsuit against defendant and has asserted claims against defendant. It is plaintiff's burden to prove his case. *See Annett v. University of Kansas*, 371 F.3d 1233, 1241 (10th Cir. 2004). Defendant's burden at this stage is to show the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law. *See Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005). Defendant has submitted evidence in the form of affidavits supporting its assertion that plaintiff's employment was terminated due to plaintiff's insubordination and, more specifically, his statements to Mr. Hanners. Defendant, then, has certainly met its "exceedingly light" burden under the *McDonnell Douglas* framework, *see Goodwin*, 275 F.3d at 1013, and thus, the burden shifts to plaintiff to show that there is a genuine dispute of material fact as to whether defendant's asserted reason for the discharge decision is pretextual. *See Sandoval*, 388 F.3d at 1321. He has not done so.

8

Plaintiff asserts that defendant's proffered reason is somehow pretextual because the same managers involved in hiring plaintiff were also involved in the discharge decision. This fact, however, actually supports the conclusion that plaintiff's age had nothing to do with his discharge. Plaintiff was hired in May 2003, when he was 48 years old. He was discharged less than one year later, in February 2004, when he was 49 years old. Assuming, as plaintiff states, that the same managers who hired plaintiff in May 2003 turned around and fired plaintiff just nine months later, several courts of appeal have recognized that a presumption against discrimination arises. *See Coghlan v. American Seafoods Co.*, ___ F.3d ___, 2005 WL 1579514 (9th Cir. July 7, 2005) (affirming summary judgment where plaintiff failed to overcome the "same actor" inference); *Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir. 2000) (affirming grant of summary judgment in part because same individual who fired plaintiff had hired him three years earlier when he was already 60 years old; in such circumstances, it would be difficult to impute to the decisionmaker "an invidious motivation that would be inconsistent with the decision to hire"); *See Chiaramonte v. Fashion Bed Group*, 129 F.3d 391, 399 (7th Cir. 1997) (common actor presumption exists when same decision-maker hires and fires employee in protected class in relatively short time span); *Lowe v. J.B. Hunt Trans., Ins.*, 963 F.2d 173, 175 (8th Cir. 1992) (highly doubtful that person who hires employee in protected age group would fire same employee as result of sudden "aversion to older people").

Finally, plaintiff contends that if the court had ordered defendant to produce discovery requested by plaintiff, then he would have been able to show, through documentary evidence and the testimony of current and former employees, "direct evidence" of defendant discriminating

against older workers.  This argument, too, fails.  Plaintiff filed only one motion to compel during the course of discovery.  Magistrate Judge O'Hara denied the motion without prejudice to refiling based on plaintiff's failure to comply with Local Rules 37.1 (plaintiff failed to attach to his motion or provide any detail as to the exact discovery requests in dispute) and 37.2 (plaintiff failed to indicate that he had conferred or attempted to confer with defendant prior to filing the motion). Plaintiff never refiled his motion. Moreover, to the extent plaintiff is requesting that the court defer ruling on the motion for summary judgment because discovery has not yet been completed, the request is denied.  Even assuming plaintiff had verified his response such that the court could construe the response as an affidavit pursuant to Federal Rule of Civil Procedure 56(f), plaintiff has not identified what specific facts he believes he could present and he has not shown how those facts would enable him to rebut defendant's motion.   He has not explained what steps he has taken to obtain certain facts that would be within his ability to obtain–namely, affidavits from the unidentified "former employees" mentioned in his response.  For these reasons, plaintiff's request (to the extent it is a request) for additional discovery is denied.  *See Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

In sum, as plaintiff has failed to meet his burden of establishing pretext as to either the promotion decision or the discharge decision, summary judgment is warranted in favor of defendant.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. #84) is granted and plaintiff's complaint is dismissed with prejudice.

10

**IT IS SO ORDERED** this 27th  day of July, 2005.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge